UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONNA FEHN,

                        Plaintiff,      Civ. Act. No.: 07 CIV. 8321 (WCC)

    -against-           **ANSWER TO COMPLAINT**

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK, JP
MORGAN CHASE BANK, as Plan Administrator,   DOCUMENT
HARTFORD LIFE AND ACCIDENT INSURANCE   ELECTRONICALLY FILED
COMPANY, as Administrator/Fiduciary of the Plan,
KRISTA DUDECK, Individually, DANIEL BERTA,
Individually, KARA MORETT, Individually, and
DESMOND "Doe," Individually,

                        Defendants.
----------------------------------------------------------------X

       Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

### I.    NATURE OF CLAIM

       FIRST.    Denies each and every allegation contained in paragraph "1" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

### II.    JURISDICTION AND VENUE

       SECOND.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court *except* admits that this Court has jurisdiction over plaintiff's claim.

THIRD.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court *except* admits venue is proper in this District.

### III.	PARTIES

FOURTH.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

FIFTH.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court

SIXTH.	Admits the truth of each and every allegation contained in paragraph "6" of plaintiff's Complaint.

SEVENTH.	Denies each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court *except* admits HARTFORD is, and has been at all relevant times, an insurance company with its principal place of business in Simsbury, Connecticut and respectfully refers to the Group Insurance Policy No. GLT-675174 issued to JP Morgan Chase Bank insuring the Long Term Disability Plan For Employees of JP Morgan Chase Bank ("LTD Policy") effective January 1, 2005 for the terms,

NY/512992v1

conditions, limitations and exclusions set forth therein concerning HARTFORD's duties and responsibilities under the LTD Policy.

EIGHTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "8" of plaintiff's Complaint.

NINTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "9" of plaintiff's Complaint.

TENTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

## IV.   FACTS COMMON TO ALL CLAIMS

ELEVENTH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

TWELFTH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

THIRTEENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

FOURTEENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

FIFTEENTH. Denies each and every allegation contained in paragraph "15" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the LTD Policy documents for the contents thereof as to the terms, conditions, benefits, limitations and exclusions set forth therein.

SIXTEENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of plaintiff's Complaint.

SEVENTEENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiff's Complaint.

EIGHTEENTH. Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

NINETEENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of plaintiff's Complaint.

TWENTIETH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of plaintiff's Complaint.

TWENTY-FIRST. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of plaintiff's Complaint.

TWENTY-SECOND. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of plaintiff's Complaint.

TWENTY-THIRD. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of plaintiff's Complaint.

TWENTY-FOURTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of plaintiff's Complaint.

TWENTY-FIFTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of plaintiff's Complaint.

TWENTY-SIXTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of plaintiff's Complaint.

TWENTY-SEVENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of plaintiff's Complaint.

NY/512992v1

TWENTY-EIGHTH.		Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "28" of plaintiff's Complaint.

TWENTY-NINTH.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of plaintiff's Complaint.

THIRTIETH.		Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30" of plaintiff's Complaint.

THIRTY-FIRST.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of plaintiff's Complaint.

THIRTY-SECOND.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of plaintiff's Complaint.

THIRTY-THIRD.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of plaintiff's Complaint.

THIRTY-FOURTH.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of plaintiff's Complaint as alleged, *except* denies that plaintiff was not subject to any LTD coverage restrictions as set forth in the LTD Policy. and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIFTH.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of plaintiff's Complaint.

THIRTY-SIXTH.	Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "36" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained

NY/512992v1

by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

THIRTY-SEVENTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "37" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

THIRTY-EIGHTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "38" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

THIRTY-NINTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "39" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

FORTIETH.   Denies each and every allegation contained in paragraph "40" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and

NY/512992v1

respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein, *except* admits plaintiff applied for and received short-term disability benefits under the JP Morgan Chase short-term disability plan.

FORTY-FIRST.    Admits the truth of each and every allegation contained in paragraph "41" of plaintiff's Complaint.

FORTY-SECOND.    Denies each and every allegation contained in paragraph "42" of plaintiff's Complaint as alleged, *except* admits plaintiff was ineligible for benefits pursuant to the terms of the LTD Policy and respectfully refers to the LTD Policy documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein and respectfully refers all questions of law to the Honorable Court.

FORTY-THIRD.    Denies each and every allegation contained in paragraph "43" of plaintiff's Complaint.

FORTY-FOURTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "44" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

FORTY-FIFTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "45" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

FORTY-SIXTH.   Admits to the truth of each and every allegation contained in paragraph "46" of plaintiff's Complaint.

FORTY-SEVENTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "47" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein.

FORTY-EIGHTH.   Denies each and every allegation contained in paragraph "48" of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

FORTY-NINTH.   Denies each and every allegation contained in paragraph "49" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the LTD Policy documents for the contents thereof as to the terms, conditions, benefits, limitations and exclusions set forth therein.

FIFTIETH.   Denies each and every allegation contained in paragraph "50" of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

NY/512992v1

FIFTY-FIRST.    Denies each and every allegation contained in paragraph "51" of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

FIFTY-SECOND.    Denies each and every allegation contained in paragraph "52" of plaintiff's Complaint.

FIFTY-THIRD.    Denies each and every allegation contained in paragraph "53" of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the LTD claim file pertaining to plaintiff's claim kept and maintained by HARTFORD in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FOURTH.    Denies each and every allegation contained in paragraph "54" of plaintiff's Complaint.

FIFTY-FIFTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "55" of plaintiff's Complaint as alleged, *except* admits that on or about January 25, 2007 plaintiff sought a second level appeal of the denial of her LTD benefit claim, which is not permitted under the terms of the LTD Policy.

FIFTY-SIXTH.    Admits to the truth of each and every allegation contained in paragraph "56" of plaintiff's Complaint.

FIFTY-SEVENTH.    Denies each and every allegation contained in paragraph "57" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

## **AS AND FOR A FIRST CLAIM FOR RELIEF**

(CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B))
(AGAINST DEFENDANTS LTD PLAN and JPMC)

FIFTY-EIGHTH. In response to paragraph "58" of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "57" inclusive, with the same force and effect as if more fully set forth at length herein.

FIFTY-NINTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "59" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

SIXTIETH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "60" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiff's claim for long-term disability benefits kept and maintained by HARTFORD in the regular course of its business for the contents thereof as to facts and circumstances recorded therein, except admits plaintiff exhausted the claim and review procedures prior to instituting this action.

SIXTY-FIRST. Denies each and every allegation contained in paragraph "61" of plaintiff's Complaint.

SIXTY-SECOND. Denies each and every allegation contained in paragraph "62" of plaintiff's Complaint.

NY/512992v1

## AS AND FOR A SECOND CLAIM FOR RELIEF

(CLAIM FOR RELIEF UNDER ERISA § 502(a)(3) FOR BREACH OF FIDUCIARY DUTY)
(AGAINST DEFENDANTS JPMC, HARTFORD, DUDECK, BERTA, MORRETT and DOE)

SIXTY-THIRD.   In response to paragraph "63" of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "57" inclusive, with the same force and effect as if more fully set forth at length herein.

SIXTY-FOURTH.   Denies each and every allegation contained in paragraph "64" of plaintiff's Complaint.

SIXTY-FIFTH.   Denies each and every allegation contained in paragraph "65" of plaintiff's Complaint.

SIXTY-SIXTH.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "66" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court, *except* denies that plaintiff is entitled to pursue any remedy under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

SIXTY-SEVENTH.   Denies each and every allegation contained in paragraph "67" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-EIGHTH.   This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against answering defendant.

NY/512992v1

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-NINTH. The claims for which plaintiff seeks recovery are not payable under the terms of the JP Morgan Chase Bank Long Term Disability Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SEVENTIETH. Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the JP Morgan Chase Bank Long Term Disability Plan. Accordingly, plaintiff is barred from recovery for her claims in this action and the purported claims asserted therein.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST. Defendant fully performed its duties, if any, and plaintiff is estopped to assert any cause of action against this answering defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SEVENTY-SECOND. All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SEVENTY-THIRD. HARTFORD's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb HARTFORD's determination concerning plaintiff's claim for long-term disability benefits.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH. Plaintiff has not properly pled a claim for attorneys' fees under the Employee Retirement Income Security Act of 1974 ("ERISA").

NY/512992v1

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

SEVENTY-FIFTH.   HARTFORD, as claim fiduciary for the JP Morgan Chase Bank Long Term Disability Plan is granted complete authority to review all denied claims for benefits under the Plan's group disability policy and discretionary authority to determine: whether and to what extent employees are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and HARTFORD is deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously.  HARTFORD's decision making was not arbitrary or capricious and therefore, the Court cannot disturb HARTFORD's determination concerning plaintiff's claims.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

SEVENTY-SIXTH.   Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to HARTFORD's evaluation of plaintiff's claim for long term disability benefits under the applicable Plan documents.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SEVENTY-SEVENTH.   If plaintiff is entitled to payment of any benefits under the JP Morgan Chase Bank Long Term Disability Plan, any such payment must be offset by any other income, as defined by the terms of the LTD Policy, received by or payable to plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

SEVENTY-EIGHTH.   Plaintiff's Complaint fails to state a proper cause of action under ERISA § 502(a)(3) and consequently plaintiff's second claim for relief must be dismissed.

## OBJECTION TO JURY DEMAND

Answering defendant objects to plaintiff's Jury Demand because plaintiff is not entitled to a trial by jury of any claim asserted against this answering defendant. DeFelice v. International Assurance Co. of New York, 112 F.3d 61 (2nd Cir. 1997); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2nd Cir. 1996).

**WHEREFORE**, defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and against plaintiff;

2. that defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY be awarded costs of suit incurred herein;

3. that defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY be awarded reasonable attorney's fees; and

4. that defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 7, 2007

Respectfully Submitted,

s/ _____
MICHAEL H. BERNSTEIN (MHB 0579)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(SDMA File No. 2489-107885)
***Attorneys for Defendant***
*HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY*

TO:
William D. Frumkin (WF 2173)
SAPIR & FRUMKIN LLP
399 Knollwood Road
White Plains, New York 10603
Telephone: (914) 328-0366
***Attorneys for Plaintiff***

NY/512992v1

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER (for Hartford Life And Accident Insurance Company)** was served **ECF and Regular Mail** on November 7, 2007, upon the following:

> William D. Frumkin (WF 2173)
> SAPIR & FRUMKIN LLP
> 399 Knollwood Road
> White Plains, New York 10603
> Telephone: (914) 328-0366
> *Attorneys for Plaintiff*

Dated:  New York, New York
        November 7, 2007

                                        s/ _____
                                        MICHAEL H. BERNSTEIN (MHB 0579)

NY/512992v1