UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X  Via ECF

DONNA FEHN,

                    Plaintiff,

    -against-

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK, JP
MORGAN CHASE BANK, as Plan Administrator,
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, as Administrator/Fiduciary of the Plan,
KRISTA DUDECK, Individually, DANIEL BERTA,
Individually, KARA MORETT, Individually, and
DESMOND "Doe," Individually,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 CIV. 8321 (WCC)

**ANSWER TO COMPLAINT WITH JURY DEMAND ON BEHALF OF DEFENDANTS
JPMORGAN CHASE LONG-TERM DISABIILTY PLAN, JPMORGAN CHASE BANK,
N.A., AS PLAN ADMINISTRATOR, KRISTA DUDEK, INDIVIDUALLY, DANIEL
BERTA, INDIVIDUALLY AND KARA MORETT, INDIVIDUALLY**

Defendants JPMorgan Chase Long-Term Disability Plan (erroneously named herein as "Group Long Term Disability Plan for Employees of JPMorgan Chase Bank"), JPMorgan Chase Bank, N.A., as Plan Administrator (erroneously named herein as "JPMorgan Chase Bank, as Plan Administrator"), Krista Dudek (erroneously named herein as "Krista Dudeck"), Daniel Berta ("Berta') and Kara Morett ("Morett") (collectively, "JPMorgan Defendants") as and for their Answer to the Complaint with Jury Demand ("Complaint") of Plaintiff Donna Fehn ("Plaintiff"), assert as follows:

## AS TO THE NATURE OF THE CLAIM

1. The allegations set forth therein in Paragraph 1 of the Complaint constitute a description of Plaintiff's claims in this action as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 1, JPMC Defendants admit that Plaintiff purports to bring this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., deny the truth of the remainder of the allegations set forth therein and further deny that Plaintiff is entitled to any remedy or relief.

## AS TO JURISDICTION AND VENUE

2. Neither admit nor deny the truth of the allegations set forth in Paragraph 2 of the Complaint because those allegations set forth conclusions of law regarding the proper jurisdiction of this action as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 2, JPMC Defendants deny the truth of the allegations set forth therein.

3. Neither admit nor deny the truth of the allegations set forth in Paragraph 3 of the Complaint because those allegations set forth conclusions of law regarding the proper venue of this action as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 3, JPMC Defendants deny the truth of the allegations set forth therein and aver that venue is proper in the Southern District of New York, where the present action has been brought.

## AS TO PARTIES

4. Deny each and every allegation set forth in Paragraph 4 of the Complaint, except state that JPMorgan Chase's records indicate that Plaintiff's last known address is Mahopac, New York, she was employed with JPMorgan Chase (and it's predecessor entities) from July 24, 1978

through February 18, 2005 and again from October 31, 2005 through November 14, 2006 and her last position held was Branch Manager, Patterson-In-Store, New York.

5. Neither admit nor deny the truth of the allegations set forth in Paragraph 5 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 5, JPMC Defendants admit the truth of the allegations set forth therein.

6. Neither admit nor deny the truth of the allegations set forth in Paragraph 6 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 6, JPMC Defendants admit that it sponsors several employee welfare benefit plans within the meaning of ERISA.

7. Neither admit nor deny the truth of the allegations set forth in Paragraph 7 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 7, JPMC Defendants admit the truth of the allegations set forth therein.

8. Neither admit nor deny the truth of the allegations set forth in Paragraph 8 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 8, JPMC Defendants admit the truth of the allegations set forth therein.

9. Deny each and every allegation set forth in Paragraph 9 of the Complaint.

10. Neither admit nor deny the truth of the allegations set forth in Paragraph 10 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of

Paragraph 10, JPMC Defendants admit the truth of the allegations set forth therein only with respect to Defendants JPMorgan Chase.

## AS TO FACTS COMMON TO ALL CLAIMS

11. Deny each and every allegation set forth in Paragraph 11 of the Complaint, except state that Plaintiff commenced her employment with The Chase Manhattan Bank, predecessor in interest to JPMorgan Chase, on July 24, 1978.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Deny each and every allegation set forth in Paragraph 13 of the Complaint, except state that at times Plaintiff received promotions, bonuses and salary increases during her employment with JPMorgan Chase (and it's predecessor entities) from July 24, 1978 through February 18, 2005.

14. Admit the allegations set forth in Paragraph 14 of the Complaint and refer to Plaintiff's January 24, 2005 resignation letter for its content and meaning

15. Admit the allegations set forth in the first sentence of Paragraph 15 of the Complaint. Deny each and every remaining allegation set forth in Paragraph 15 of the Complaint and refer to JPMorgan Chase's long-term disability benefits plan, then in effect, for its content and meaning.

16. Admit the allegations set forth in the first sentence of Paragraph 16 of the Complaint. Deny knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Deny each and every allegation set forth in Paragraph 19 of the Complaint.

20. Admit the allegations set forth in the first sentence of Paragraph 20 of the Complaint. Deny each and every remaining allegation set forth in Paragraph 20 of the Complaint.

21. Admit the allegations set forth in Paragraph 21 of the Complaint.

22. Deny each and every allegation set forth in Paragraph 22 of the Complaint.

23. Admit the allegations set forth in the first and third sentences of Paragraph 23 of the Complaint. Deny each and every remaining allegation set forth in Paragraph 23 of the Complaint, except state that Plaintiff and Defendant Berta discussed the possibility of Plaintiff being rehired as a reinstated employee to a Branch Manager position.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Deny each and every allegation set forth in Paragraph 25 of the Complaint and refer to JPMorgan Chase's October 17, 2005 offer letter to Plaintiff for its content and meaning.

26. Deny each and every allegation set forth in Paragraph 26 of the Complaint and refer to Plaintiff's executed offer letter, dated October 19, 2005, for its content and meaning. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Deny each and every allegation set forth in Paragraph 29 of the Complaint and refer to JPMorgan Chase's October 17, 2005 offer letter to Plaintiff for its content and meaning.

30. Deny each and every allegation set forth in Paragraph 30 of the Complaint.

31. Neither admit nor deny the allegations set forth in Paragraph 31 of the Complaint and refer to Defendant Morett's e-mail to Plaintiff, dated October 20, 2005, for its content and meaning.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and refer to Plaintiff's executed offer letter, dated October 19, 2005, for its content and meaning.

33. Admit the allegations set forth in Paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Deny each and every allegation set forth in the first sentence of Paragraph 35. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and aver that on or about November 2, 2005, Plaintiff attended Defendant Dudek's meeting of her Branch Managers in White Plains, New York.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 40 of the Complaint and refer to Plaintiff's application for short-term disability benefits for its content and meaning. Deny each and every allegation set forth in the remaining allegations set forth in Paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and refer to Plaintiff's application for long-term disability benefits for its content and meaning.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of Paragraph 42 of the Complaint and refer to Defendant Hartford's denial of Plaintiff's application for long-term disability benefits for its content and meaning.

43. Deny each and every allegation set forth in Paragraph 43 of the Complaint and refer to JPMorgan Chase's long-term disability benefits plan, then in effect, for its content and meaning.

44. Neither admit nor deny the allegations set forth in Paragraph 44 of the Complaint and refer to Saundra Prejean's facsimile, dated June 2, 2006, for its content and meaning.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and refer to Plaintiff's appeal of the denial of her application for long-term disability benefits for its content and meaning.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and refer to Defendant Hartford's denial of Plaintiff's appeal regarding the denial of her application for long-term disability benefits for its content and meaning.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and refer to Defendant Hartford's denial of Plaintiff's appeal regarding the denial of her application for long-term disability benefits for its content and meaning.

48. Neither admit nor deny the truth of the allegations set forth in Paragraph 48 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 48, JPMC Defendants deny the truth of the allegations set forth therein and refer to Defendant Hartford's denial of Plaintiff's appeal regarding the denial of her application for long-term disability benefits for its content and meaning.

49. Neither admit nor deny the truth of the allegations set forth in Paragraph 49 of the Complaint and refer to JPMorgan Chase's long-term disability benefits plan, then in effect, for its content and meaning.

50. Deny each and every allegation set forth in Paragraph 50 of the Complaint.

51. Deny each and every allegation set forth in Paragraph 51 of the Complaint.

52. Deny each and every allegation set forth in Paragraph 52 of the Complaint.

53. Deny each and every allegation set forth in Paragraph 53 of the Complaint, except refer to Defendant Hartford's denial of Plaintiff's appeal regarding the denial of her application for long-term disability benefits for its content and meaning.

54. Deny each and every allegation set forth in Paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and refer to Plaintiff's challenge to Defendant Hartford's denial of her appeal for long-term disability benefits for its content and meaning.

56. Deny each and every allegation set forth in Paragraph 56 of the Complaint.

57. Deny each and every allegation set forth in Paragraph 57 of the Complaint.

### AS TO AS AND FOR A FIRST CLAIM OF RELIEF
*(Claim for Benefits Under ERISA § 502(a)(1)(B))*
*(Against Defendants LTD Plan and JPMC)*

58. Repeat and reallege their responses to Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Neither admit nor deny the truth of the allegations set forth in Paragraph 59 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 59, JPMC Defendants admit the truth of the allegations set forth therein.

60. Neither admit nor deny the truth of the allegations set forth in Paragraph 60 of the Complaint and refer to the Plaintiff's application for long-term disability benefits, the denial of same and Plaintiff's subsequent appeals for their respective content and meaning.

61. Deny each and every allegation set forth in Paragraph 61 of the Complaint.

62. Deny each and every allegation set forth in Paragraph 62 of the Complaint.

## AS TO AS AND FOR A SECOND CLAIM OF RELIEF
*(Claim for Benefits Under ERISA § 502(a)(3) for Breach of Fiduciary Duty)*
*(Against Defendants JPMC, Hartford, Dudek, Berta, Morett and Doe)*

63.     Repeat and reallege their responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.     Deny each and every allegation set forth in the first sentence of Paragraph 64 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 64 of the Complaint

65.     Deny each and every allegation set forth in Paragraph 65 of the Complaint.

66.     Neither admit nor deny the truth of the allegations set forth in Paragraph 66 of the Complaint because those allegations set forth conclusions of law as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of Paragraph 66, JPMC Defendants admit the truth of the allegations set forth therein.

67.     Deny each and every allegation set forth in Paragraph 67 of the Complaint.

## AS TO PRAYER FOR RELIEF

68.     The allegations set forth in the "Relief" section (Paragraphs (1) through (5) of On the First Claim and Paragraphs (1) through 4 of On the Second Claim) of the Complaint constitute demands for relief as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of the "Relief" section (Paragraphs (1) through (5) of On the First Claim and Paragraphs (1) through 4 of On the Second Claim), JPMC Defendants deny that Plaintiff is entitled to any or all of the remedies or relief sought therein.

## AS TO ON ALL CLAIMS

69. The allegations set forth in the "On All Claims" section of the Complaint constitute a demand for other relief as to which no response is required. To the extent that JPMC Defendants are required to respond to the allegations of the "On All Claims" section, JPMC Defendants deny that Plaintiff is entitled to any or all of the other relief sought therein

## AFFIRMATIVE DEFENSES

JPMC Defendants assert that they only bear the burden of proof on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). JPMC Defendants set forth their defenses and affirmative defenses to Plaintiff's claims as follows:

## AS AND FOR A FIRST DEFENSE

70. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or the damages sought can be awarded.

## AS AND FOR A SECOND DEFENSE

71. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, appropriate statutes of limitations and/or conditions precedent to asserting any or all of such claims.

## AS AND FOR A THIRD DEFENSE

72. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or waiver, estoppel and unclean hands.

### AS AND FOR A FOURTH DEFENSE

73.     Upon information and belief, Plaintiff's claims for damages are barred and/or limited in that she has failed to act reasonably to mitigate her damages which have been alleged in this action.

### AS AND FOR A FIFTH DEFENSE

74.     Upon information and belief, the damages Plaintiff allegedly sustained were the direct and proximate result of the acts and/or omissions of others or intervening agents or agencies.

### AS AND FOR A SIXTH DEFENSE

75.     JPMC Defendants' conduct toward Plaintiff was lawful and in good faith and therefore not violative of ERISA or any other federal or state law.

### AS AND FOR A SEVENTH DEFENSE

76.     JPMC Defendants complied with their fiduciary duties, if any, regarding the ERISA qualified benefit plans at issue.

### AS AND FOR A EIGHTH DEFENSE

77.     JPMC Defendants are entitled to reasonable attorney's fees and costs incurred in the defense of this action as authorized by ERISA, 29 U.S.C. § 1132(g).

### AS AND FOR A NINTH DEFENSE

78.     Plaintiff's remedies, if any, are limited to the remedies available under ERISA, which does not permit the recovery of extra-contractual damages.

## AS AND FOR A TENTH DEFENSE

79. Plaintiff is not entitled to a jury trial because jury trials are not permitted under ERISA.

## AS AND FOR A ELEVENTH DEFENSE

80. JPMC Defendants reserve the right to assert defenses, affirmative or otherwise, as Plaintiff's claims are clarified through the course of this litigation.

## COUNTERCLAIM AGAINST PLAINTIFF BY JPMORGAN CHASE BANK, N.A.

1. After her rehire date of October 31, 2005 and the onset of her alleged illness on or about November 2, 2005, Plaintiff was paid $33,749.51 in short-term disability benefits under JPMorgan Chase's Short-Term Disability Plan ("STD Plan").

2. Pursuant to the STD Plan then in effect, Plaintiff was not eligible to receive salary continuation because she had not yet met the Introductory Period, as defined by the STD Plan.

3. Pursuant to the STD Plan then in effect, Plaintiff was only entitled to receive statutory benefits of $170 per week (paid to employees working in New York if they were not eligible for salary continuation under the STD Plan).

4. Plaintiff should have been paid only $4,420, which reflects her entitlement to New York statutory benefits under the STD Plan.

5. Plaintiff was overpaid in the amount of $29,329.51, reflecting erroneous payment of salary continuation by JPMorgan Chase Bank, N.A.

6.  JPMorgan Chase Bank, N.A., therefore, is entitled to recovery of $29,329.51, a sum paid erroneously to Plaintiff and to which she had no entitlement under the STD Plan, then in effect.

**WHEREFORE**, the JPMC Defendants demand judgment against Plaintiff:

(a)  dismissing the Complaint with Jury Demand in its entirety with prejudice;

(b)  denying the demands and prayer for relief contained in the Amended Complaint;

(c)  awarding the JPMC Defendants reasonable costs, disbursements, and attorneys' fees;

(d)  awarding JPMorgan Chase Bank, N.A. judgment in the amount of $29,329.51 on its Counterclaim against Plaintiff, together with interest; and

(d)  granting such other further relief as may be just and proper.

Dated: January 4, 2008

                                          **JPMorgan Chase Legal & Compliance Department**

By: *Stacey L. Blecher /SM*
Stacey L. Blecher, Esq.
Attorneys for JPMorgan Defendants
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-3814
Stacey.L.Blecher@Chase.com

To:    William D. Frumkin, Esq.
**Sapir & Frumkin LLP**
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
WFrunkin@Sapirfrumkin.com

Michael Bernstein, Esq.
**Sedgwick, Detert, Moran & Arnold, LLP**
Attorneys for Defendant Hartford
125 Broad Street, 39th Floor
New York, New York 10004-2400
Michael.Bernstein@sdma.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X   Via ECF
DONNA FEHN,
                                            :
                      Plaintiff,
                                            :   07 CIV. 8321 (WCC)
       -against-
                                            :   AFFIDAVIT OF SERVICE
GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK, JP        :
MORGAN CHASE BANK, as Plan Administrator,
HARTFORD LIFE AND ACCIDENT INSURANCE         :
COMPANY, as Administrator/Fiduciary of the Plan, KRISTA
DUDECK, Individually, DANIEL BERTA, Individually,   :
KARA MORETT, Individually, and DESMOND "Doe,"
Individually,                                :

                                            :
                      Defendants.
                                            :
------------------------------------------- X

**STATE OF NEW YORK**      )
                           ) ss.:
**COUNTY OF NEW YORK**     )

Marlene Thompson, being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A.

That on the 4th day of January, 2008 deponent served the within:

ANSWER TO COMPLAINT WITH JURY DEMAND ON BEHALF OF DEFENDANTS JPMORGAN CHASE LONG-TERM DISABIILTY PLAN, JPMORGAN CHASE BANK, N.A., AS PLAN ADMINISTRATOR, KRISTA DUDEK, INDIVIDUALLY, DANIEL BERTA, INDIVIDUALLY AND KARA MORETT, INDIVIDUALLY

| | |
|---|---|
| To: William D. Frumkin, Esq.<br>**Sapir & Frumkin LLP**<br>Attorneys for Plaintiff<br>399 Knollwood Road, Suite 310<br>White Plains, New York 10603<br>WFrumkin@Sapirfrumkin.com | Michael Bernstein, Esq.<br>**Sedgwick, Detert, Moran & Arnold, LLP**<br>Attorneys for Defendant Hartford<br>125 Broad Street, 39th Floor<br>New York, New York 10004-2400<br>Michael.Bernstein@sdma.com |

by the address designated for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me this
___ day of January, 2008

_Vivian Patricia Falconi_
Notary Public

VIVIAN PATRICIA FALCONI
Notary Public, State of New York
No. 41-4835878
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Aug 31, 2009

163621:v1