UNITED STATES DISTRICT COURT                                      ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DONNA FEHN,

                                                               07 Civ. 8321 (WCC) (GAY)

                         Plaintiff,

        - against -

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK,
JP MORGAN CHASE BANK, as Plan Administrator,
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, as Administrator/Fiduciary of the Plan,
KRISTA DUDECK, Individually, DANIEL BERTA,
Individually, KARA MORETT, Individually,
and DESMOND "Doe," Individually,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO DISMISS JPMC DEFENDANT'S COUNTERCLAIMS
AND FOR LEAVE TO AMEND THE COMPLAINT**

SAPIR & FRUMKIN LLP
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    POINT I.   THE COUNTERCLAIM SHOULD BE DISMISSED BECAUSE DEFENDANT JPMC DOES NOT SEEK EQUITABLE RELIEF . . . . . . . . . . . . . . . . . . 6

    A.     Applicable Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.     Defendant JPMC Seeks Money Damages, a Legal Remedy, and Therefore Has Failed to State a Cognizable Claim Under ERISA § 502(a)(3) . . . . . . . . . . . 7

    POINT II.  LEAVE SHOULD BE GRANTED TO PLAINTIFF TO AMEND HER COMPLAINT TO INCLUDE A CLAIM OF RETALIATION AND INTERFERENCE AGAINST DEFENDANT JPMC FOR ITS IMPOSITION OF THE COUNTERCLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

*Cases*

*Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*DePace v. Molinaro*, 257 F.Supp. 2d 543 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Dister v. Cont. Grp.*, 859 F.2d 1108 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Forman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 233 S. Ct. 708 (2002) . . . . . . . . 7

*Kreinik v. Showbran Photo*, 2003 U.S. Dist. LEXIS 18276 (S.D.N.Y. Oct. 14, 2003) . . . . . . . . . 9

*Mertens v. Hewitt Assoc.*, 508 U.S. 248, 113 S. Ct. 2063 (1993) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Milanese v. Rust-Oleum Corp.*, 244 F.3d 104 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Nowak v. Ironworkers Loc. 6 Pens. Fund*, 81 F.3d 1192 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . 7

*Patterson v. McCarron*, 2001 U.S. Dist. LEXIS 19099 (S.D.N.Y. Nov. 21, 2001) . . . . . . . . . . . 8

*Scotto v. Almenas*, 143 F.3d 105 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yankelevitz v. Cornell Univ.*, 1996 U.S. Dist. LEXIS 11298 (S.D.N.Y. Aug. 7, 2996) . . . . . . . . 9

*Rules and Statutes*

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1104(a) . . . . . . . . . . . . . . . . 1

ERISA, 29 U.S.C. § 1132(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ERISA, 29 U.S.C. § 1132(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

ERISA, 29 U.S.C. § 1140 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rules of Civil Procedure, Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, 9

Federal Rules of Civil Procedure, Rule 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9

**PRELIMINARY STATEMENT**

Upon the Notice of Motion, dated February 6, 2008, and Affidavit of William D. Frumkin, Esq. in Support of Plaintiff's Motion to Dismiss JPMC Defendants' Counterclaim and for Leave to Amend the Complaint, dated February 6, 2008, ("Frumkin Aff."), Plaintiff, Donna Fehn, ("Fehn") seeks an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing JPMC Defendants' counterclaim in its entirety with prejudice for failure to state a claim, and for leave to amend the complaint pursuant to Fed. R. Civ. P. Rule 15(a), to add a claim of retaliation and interference under § 510 of ERISA.

Plaintiff seeks an award of long-term disability benefits to which she is entitled as an incident of her employment with Defendant JP Morgan Chase ("JPMC"). Although granted short-term disability benefits after her return to the company as a reinstated employee, Defendant Hartford Life and Accident Insurance Company ("Hartford") denied her application for long term disability benefits on the basis that her brief interruption of service with JPMC precluded such an award. Plaintiff's claims are predicated on the Hartford's denial of benefits in violation of ERISA, 29 U.S.C. § 1132(a)(1)(B), and for all defendants' breach of fiduciary duties pursuant to ERISA, 29 U.S.C. §§ 1104(a), and 1132(a)(3) in connection with the provision of erroneous information at the time of her reinstatement with the company. *See* Complaint, Frumkin Aff., Exh "1."

In their answer to the complaint, JPMC Defendants assert a meritless counterclaim wherein they allege that Ms. Fehn was overpaid by JPMorgan Chase's Short-Term Disability Plan ("STD"). *See* JPMC Defendants' Answer With Counterclaim, Docket No. 14, annexed to the Frumkin Aff. as Exh. "2." This counterclaim must be dismissed because relief sought is not equitable and therefore unattainable under ERISA § 502(a)(3). Furthermore, plaintiff should be granted leave to

1

amend her complaint to assert a claim of retaliation and interference against Defendant JPMC in light of their the imposition of the counterclaim.

## I. STATEMENT OF FACTS

In or about July 1978, Ms. Fehn commenced her employment with a predecessor of Defendant JPMC as a Department File Clerk. Over the years, Ms. Fehn experienced tremendous success at Defendant JPMC, receiving numerous promotions, bonuses and salary increases. In or about January 2005, Ms. Fehn submitted her resignation to Defendant JPMC. Complaint ¶¶ 11-14.

At the time of her resignation, Ms. Fehn was a participant under Defendant JPMC's various employee benefits plans, including Defendant LTD Plan. As a result of her tenure at Defendant JPMC, Ms. Fehn was a participant in the "Prior Plan" as defined by the terms of Defendant LTD Plan. Furthermore, because of her tenure with the company and participation in Defendant LTD Plan, Ms. Fehn was not subject to any pre-condition exclusion under the Defendant LTD Plan, or any of its Prior Plans. Complaint ¶ 15.

Ms. Fehn's last day as an employee of Defendant JPMC was February 18, 2005. She left the company to pursue a more lucrative job as a Branch Manager at Mahopac National Bank ("MNB"). During her time away from Defendant JPMC, Ms. Fehn remained in contact with Defendant Dudeck, Vice President and District Manager at Defendant JPMC. On more than one occasion, Defendant Dudeck told Ms. Fehn that Defendant JPMC wanted Ms. Fehn to rejoin the company. Complaint ¶¶ 16, 19.

In or about September 2005, Ms. Fehn and Defendant Dudeck discussed an opening for a Branch Manager at Defendant JPMC's Patterson, New York branch. Ms. Fehn told Defendant Dudeck that she would be interested in accepting this position for less money than what she was

earning at that time if certain conditions were met.  Specifically, Ms. Fehn informed Defendant Dudeck that she would return if Defendant JPMC treated her as though she never left the company in connection with her employee benefits and seniority.  Ms. Fehn wanted credit for her 23 years of service and the benefits to which she was entitled prior to leaving Defendant JPMC restored as of her original hire date.  Complaint ¶¶ 20-21.

Defendant Dudeck agreed to this demand, representing to Ms. Fehn that her terms could be met, particularly because Ms. Fehn would be returning less than one year after the date she left the company.  On October 12, 2005, Ms. Fehn met with Defendant Dudeck's superior, Defendant Berta.  Defendant Berta was a Senior Vice President at Defendant JPMC.  Ms. Fehn and Defendant Berta discussed the Branch Manager position for which she had been recruited.  Defendant Berta told Ms. Fehn, "you know we want you back," however, he reiterated Defendant Dudeck's assertion that Defendant JPMC could not match her annual salary of $72,000.00.  To entice Ms. Fehn to rejoin the company, Defendant Berta expressly represented that she would be rehired as a reinstated employee, that Defendant JPMC would recognize her 23 years of service, and that all of her employee benefits would be restored as of her original hire date without interruption.  Defendant Berta assured Ms. Fehn that these terms would be memorialized in an employment agreement.  Complaint ¶¶ 22-23.

Based upon the representations of Defendants JPMC, Dudeck and Berta, Ms. Fehn indicated to Defendant Berta that she would accept the position.  On October 14, 2005 Defendant Dudeck formally offered the Branch Manager job to Ms. Fehn.  As previously discussed, Defendant Dudeck informed Ms. Fehn that she was being rehired as a reinstated employee as of her original hire date and that her annual salary was $65,000.00.  Defendant Dudeck also told Ms. Fehn that her benefits would be fully restored as though she never left the company.  Complaint ¶¶ 24-25.

On October 17, 2005, Ms. Fehn accepted Defendant JPMC's job offer. But for Defendants' representations concerning her status as a reinstated employee, Ms. Fehn would not have accepted the offer of employment and forfeited the additional salary and benefits to which she was entitled as a Branch Manager at MNB. In reliance upon the representations of Defendants Berta and Dudeck, Ms. Fehn accepted the position and resigned from MNB before she received the employment agreement from Defendant JPMC. In fact, it wasn't until later that evening that Ms. Fehn downloaded the employment agreement from Defendant JPMC's website. The agreement provided by Defendant JPMC was silent regarding her rejoining Defendant JPMC as a reinstated employee. Complaint ¶¶ 26-29.

On October 19, 2005, Ms. Fehn contacted Defendant Dudeck regarding the proposed agreement. Ms. Fehn asked Defendant Dudeck to send her an e-mail to confirm the terms of her employment. In the telephone discussion, Defendant Dudeck reiterated the agreed upon terms regarding reinstatement and told Ms. Fehn that she would receive a confirmatory e-mail from the Defendant JPMC to supplement the employment agreement. Complaint ¶ 30.

On October 20, 2005, Ms. Fehn received an e-mail from Defendant Morett, an employee in Defendant JPMC's Human Resources Department. In the e-mail, Defendant Morett welcomed Ms. Fehn back to the company and confirmed her benefits package as a reinstated employee. Specifically, Defendant Morett wrote, "if an employee is rehired within 12 or fewer months, the employee's service for . . . Plan purposes will be considered as *uninterrupted*." Complaint ¶ 31.

Based upon these assurances, on October 24, 2005 Ms. Fehn followed Defendant Dudeck's instructions: she executed the employment agreement even though it did not have the agreed upon terms and returned it to Defendant JPMC. On October 31, 2005, Ms. Fehn reported for work at

4

Defendant JPMC's Patterson, New York branch.  Complaint ¶¶ 32-33.

On November 1, 2005, Ms. Fehn engaged in a telephone conversation with an employee from Defendant JPMC's HR Access group who identified himself solely by his first name, Desmond.  Defendant Desmond "Doe" answered Ms. Fehn's questions about her coverage under the LTD Plan.  Defendant Doe informed Ms. Fehn that she was listed in his computer system as being hired on July 24, 1978.  He also told Ms. Fehn that she was a reinstated employee under the LTD Plan, and as such, she was not subject to any LTD coverage restrictions.  Ms. Fehn's status as a reinstated employee further was evident by her participation in other benefit plans offered by Defendant JPMC that recognized her as a "reinstated employee" with a hire date of July 24, 1978. Complaint ¶¶ 34-35.

On November 2, 2005, while driving on the Taconic State Parkway, Ms. Fehn suffered a severe anxiety/panic attack as a result of her renewed employment with Defendant JPMC.  Ms. Fehn received treatment, was prescribed anti-anxiety medication and recommended rest.  Notwithstanding the treatment, Ms. Fehn's condition deteriorated.  Since on or about November 14, 2005, Ms. Fehn has been receiving psychological treatment, completely disabled and unable to work. Complaint ¶¶ 36-39.

On or about November 18, 2005, Ms. Fehn applied for benefits under Defendant JPMC's short-term disability (STD) plan.  Based on her status as a reinstated employee, Defendant JPMC approved Ms. Fehn's application and she received STD benefits for twenty-five (25) weeks.  After her STD benefits ended, Ms. Fehn submitted an application to Defendant LTD Plan for LTD benefits.  Complaint ¶¶ 40-41.

On May 23, 2006, the Defendant LTD Plan denied Ms. Fehn's claim even though she was totally disabled. The Plan stated that the basis for the denial of benefits was that Ms. Fehn was ineligible because her anxiety condition "occurred within [her] first year of coverage ... ." Defendant Plan erroneously determined Ms. Fehn's coverage began when she rejoined Defendant JPMC on October 31, 2005, rather than on her original hire date of July 24, 1978. Complaint ¶ 42.

Ms. Fehn appealed the denial of LTD benefits by Defendant LTD Plana and the Plan denied Ms. Fehn's appeal. Defendant LTD Plan's conclusion and denial of benefits was a misapplication of New York State Insurance Law and contrary to the terms of the LTD Plan and decision of its own reviewing physician. Complaint ¶¶ 45-48, 54.

Based on the foregoing, Ms. Fehn filed the instant complaint on September 24, 2007. On or about January 4, 2008, JPMC Defendants filed their answer. In its answer the Defendant JPMC asserted a counterclaim alleging that Ms. Fehn was overpaid short-term disability benefits by the STD Plan and requested, *inter alia*, a money judgment in the amount of $29,329.51. Answer, p. 14. Prior to asserting the counterclaim, Defendant JPMC had not previously attempted to obtain monetary damages from plaintiff for the alleged overpayment by the STD Plan.

## ARGUMENT

### POINT I

**THE COUNTERCLAIM SHOULD BE DISMISSED BECAUSE DEFENDANT JPMC DOES NOT SEEK EQUITABLE RELIEF**

A.   **Applicable Standard**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed where fails to state a claim upon which relief can be granted. *See Scotto v. Almenas*, 143

F.3d 105, 109-110 (2d Cir. 1998).  If a federal statute on which a claim is premised is interpreted as inapplicable, Rule 12(b)(6) should be utilized to dispose of the action.  *Nowak v. Ironworkers Loc. 6 Pens. Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

### B. Defendant JPMC Seeks Money Damages, a Legal Remedy, and Therefore Has Failed to State a Cognizable Claim Under ERISA § 502(a)(3)

ERISA's "catch-all" provision, § 502(a)(3), permits a plan participant, beneficiary or fiduciary to bring a civil action "to obtain other appropriate equitable relief."  29 U.S.C. § 1132(a)(3).  In *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 233 S. Ct. 708 (2002), the Supreme Court held that the term equitable relief was not all-encompassing, including only "those categories of relief that were typically available in equity."  122 S. Ct. at 718 (quoting *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256, 113 S. Ct. 2063 (1993)).  Compensatory damages and other traditional forms of legal relief are unavailable under § 502(a)(3).  *Id.*  The imposition of personal liability against a plan participant for money damages is not the relief typically available in equity and is outside those permitted by the statute.  *Id.*; *Coan v. Kaufman*, 457 F.3d 250, 263 (2d Cir. 2006) (no equitable relief found where plaintiff was seeking monetary damages from the general assets of defendant rather than a specifically identified fund); *DePace v. Molinaro*, 257 F. Supp. 2d 543, 561 (E.D.N.Y. 2003).

Here, Defendant JPMC alleges in its counterclaim that the STD Plan overpaid plaintiff short-term disability benefits and seeks judgment in the amount of $29,329.51.  Defendant does not contend that the relief being sought is equitable in nature, nor does it identify the amount as being in any particular fund.  Rather, defendant merely seeks monetary damages from the general assets of plaintiff, which is a legal remedy unavailable under ERISA § 502(a)(3).  Accordingly, Defendant

7

JPMC's counterclaim must be dismissed because it does not seek an equitable remedy.

## POINT II

### LEAVE SHOULD BE GRANTED TO PLAINTIFF TO AMEND HER COMPLAINT TO INCLUDE A CLAIM OF RETALIATION AGAINST DEFENDANT JPMC FOR ITS IMPOSITION OF THE COUNTERCLAIM

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." F.R.Civ.P. Rule 15(a). Amendments to pleadings are generally accepted absent undue delay, bad faith, futility or undue prejudice. *See Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001).

Here, plaintiff seeks leave to amend her complaint to assert a claim of unlawful retaliation and interference by Defendant JPMC in bringing an unwarranted counterclaim response to her filing the instant ERISA complaint. Ms. Fehn has not yet answered the counterclaim and therefore it cannot be argued that defendant has been prejudiced by any delay. Ms. Fehn's retaliation claim is viable under ERISA § 510 and should be permitted to proceed.

Plaintiff's proposed retaliation and interference claim arises under Section 510 of ERISA, which provides that it shall be unlawful to discriminate against any person for exercising a right provided under the Act or to interfere with a participant attempting to receive a benefit conferred under an ERISA plan. *See* 29 U.S.C. 1140; *Dister v. Cont. Grp.*, 859 F.2d 1108, 1110-11 (2d Cir. 1988). To assert such a claim, a plaintiff must show that she was engaged in protected ERISA activity and that the defendant was aware and took adverse action in retaliation or to interfere. *Id.*; *see Patterson v. McCarron*, 2001 U.S. Dist. LEXIS 19099, *10 (S.D.N.Y. Nov. 21, 2001).

In a case directly on point, *Kreinik v. Showbran Photo*, 2003 U.S. Dist. LEXIS 18276

(S.D.N.Y. Oct. 14, 2003), Judge Berman held that counterclaims brought by a former employer in response to a former employee's ERISA complaint gave rise to a *prima facie* cause of action for retaliation under ERISA § 510.  *Kreinik*, 2003 U.S. Dist. LEXIS at *1-*28; *see also Yankelevitz v. Cornell Univ.*, 1996 U.S. Dist. LEXIS 11298 (S.D.N.Y. Aug. 7, 1996) (finding that counterclaim filed in Title VII case may constitute unlawful retaliation).  In *Kreinik*, leave was granted to amend the complaint to include the retaliation claim.  *Id.*   Accordingly, in light of Defendant JPMC's imposition of a counterclaim, Ms. Fehn should permitted to amend her complaint to assert a claim of retaliation and interference.

## CONCLUSION

Based on the foregoing, the counterclaim must be dismissed in its entirety for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and leave should be given to amend plaintiff's complaint pursuant to Rule 15(a).

Dated: White Plains, New York
       February 6, 2008                              **SAPIR & FRUMKIN LLP**


                                                    By:  /s/ William D. Frumkin
                                                         William D. Frumkin (WF 2173)
                                                         Attorneys for Defendants
                                                         399 Knollwood Road, Suite 310
                                                         White Plains, New York 10603
                                                         (914) 328-0366

*On the Brief*:

   Daniel T. Driesen
   William D. Frumkin

F:\APPLICAT\WP\Fehn\Litigation\Motion to Dismiss.Memo of Law.ECF.wpd\rlh

**CERTIFICATE OF SERVICE**

      I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on February 6, 2008, a copy of MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS JPMC DEFENDANTS' COUNTERCLAIMS AND FOR LEAVE TO AMEND THE COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

      Stacey L. Blecher, Esq.
      One Chase Manhattan Plaza, 26th Floor
      New York, New York 10081
      Attorneys for JPMorgan Chase Defendants

      Michael H. Bernstein
      Sedgwick, Detert, Moran & Arnold LLP
      125 Broad Street
      New York, New York 10004-2400
      Attorneys for Defendant Hartford Life and Accident Insurance Company

      Parties may access this filing through the Court's electronic filing system

                                  /s/ Rachel L. Horton
                                  Rachel L. Horton