UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DONNA FEHN,

                      Plaintiff,

   -against-

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK,
JP MORGAN CHASE BANK, as Plan
Administrator, HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY, as
Administrator/Fiduciary of the Plan, KRISTA
DUDECK, Individually, DANIEL BERTA,
Individually, KARA MORETT, Individually, and
DESMOND "Doe," Individually,

                      Defendants.
------------------------------------------------------------- x

Via ECF

07 CIV. 8321 (WCC)


## JPMORGAN DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS JPMORGAN CHASE BANK, N.A.'S <u>COUNTERCLAIM AND FOR LEAVE TO AMEND THE COMPLAINT</u>

JPMORGAN CHASE LEGAL DEPARTMENT
Stacey L. Blecher, Esq.
Attorneys for Defendants
JPMorgan Chase Bank, N.A.
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3814
Stacey.L.Blecher@Chase.com

114065:v01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X  Via ECF
   DONNA FEHN,
                               Plaintiff,              07 CIV. 8321 (WCC)

      -against-

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK, JP
MORGAN CHASE BANK, as Plan Administrator,
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, as Administrator/Fiduciary of the Plan,
KRISTA DUDECK, Individually, DANIEL BERTA,
Individually, KARA MORETT, Individually, and
DESMOND "Doe," Individually,

                               Defendants.
------------------------------------------------- X

**JPMORGAN DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS JPMORGAN CHASE BANK, N.A.'S COUNTERCLAIM AND FOR LEAVE TO AMEND THE COMPLAINT**

Defendants JPMorgan Chase Long-Term Disability Plan (erroneously named herein as "Group Long Term Disability Plan for Employees of JPMorgan Chase Bank"), JPMorgan Chase Bank, N.A., (a wholly owned subsidiary of JPMorgan Chase & Co. ("JPMorgan Chase") and erroneously named herein as "JPMorgan Chase Bank"), Krista Dudek (erroneously named herein as "Krista Dudeck"), Kara Morett and Daniel Berta (collectively, "JPMorgan Defendants") submit this Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss JPMorgan Chase Bank, N.A.'s Counterclaim and for Leave to Amend the Complaint ("Plaintiff's Motion"), along with the Affidavit of Deborah L. Silverman in Support of JPMorgan Defendants' Opposition to Plaintiff's Motion.

165058:v1

On February 6, 2008, Plaintiff Donna Fehn ("Plaintiff") served JPMorgan Defendants with Plaintiff's Motion. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion fails to demonstrate any reason whatsoever why, as a matter of law, the Counterclaim brought against Plaintiff by JPMorgan Chase Bank, N.A. should be dismissed, or why this Court should grant leave to amend her Complaint.

Accordingly, Defendants respectfully submit that this Court should deny Plaintiff's Motion in its entirety.

## STATEMENT OF FACTS

Plaintiff ("Plaintiff") was employed by JPMorgan Chase Bank, N.A. (and its predecessor entities) from July 24, 1978 through February 18, 2005. Complaint ¶¶ 11, 14; Affidavit of Deborah L. Silverman, sworn to on March 4, 2008 ("Silverman Aff."), ¶ 3. On or about October 17, 2005, Plaintiff received an offer of re-employment with JPMorgan Chase Bank, N.A. with an anticipated start date of October 31, 2005. Complaint ¶ 26; Silverman Aff; ¶ 4 and Ex. A. Plaintiff accepted the offer of re-employment on or about October 19, 2005. See Silverman Aff.., Ex. A.

On or about October 24, 2005, Plaintiff completed the JPMorgan Chase application, which subsequently was electronically preserved. Silverman Aff; ¶ 6 and Ex. B. Plaintiff expressly agreed that she was "subject to and [would] follow JPMorgan Chase policies and procedures, including, but not limited to, . . . JPMorgan Chase's Human Resources policies." See Silverman Aff.., Ex. B. Plaintiff commenced her re-employment with JPMorgan Chase on October 31, 2005 after an approximate eight (8) month break in employment. Complaint ¶ 33; Silverman Aff; ¶ 7.

2

At the time of Plaintiff's reemployment with JPMorgan Chase Bank, N.A., JPMorgan Chase maintained an HR Policy, "Introductory Period," that stated, in relevant part (emphasis added), that it "applies to all newly hired and **re-employed** individuals **regardless of the length of the break in employment**." Silverman Aff; ¶ 8 and Ex. C. JPMorgan Chase's Disability Leave Policy in effect ("Disability Leave Policy") in or around October and November 2005 stated, in relevant part (emphasis added), that "**[i]f you are a rehired full-time** or part-time **salaried employee,** please note that **you must complete the Introductory Period following your rehire to be eligible for disability pay benefits**, even if you have met the recognized service requirement." Silverman Aff; ¶ 9 and Ex. D.

Plaintiff commenced a leave of absence in early November 2005, a few days after she returned to JPMorgan Chase's employ and applied for short-term disability benefits under the Disability Leave Policy. Complaint ¶¶ 36-40; Silverman Aff; ¶ 10. JPMorgan Chase communicated information pertaining to Plaintiff's application for short-term disability benefits to its administrator, Defendant Hartford Life and Accident Insurance Company ("Hartford"), but erroneously provided Plaintiff's original hire date of July 24, 1978, rather than her re-hire date of October 31, 2005. Silverman Aff; ¶ 11. JPMorgan Chase paid Plaintiff $33,749.51 in short-term disability benefits under its Disability Leave Policy. Complaint ¶ 40; Silverman Aff; ¶ 12.

Under the Disability Leave Policy then in effect, Plaintiff had not completed her Introductory Period and was ineligible for disability pay benefits, however, she was entitled to statutory benefits of $170.00 per week (for a maximum of 26 weeks), which are paid to New York employees who are not eligible for disability benefits under the Disability Leave Policy. Silverman Aff; ¶ 13, Exs. C and D. Plaintiff should have been paid only $4,420, which reflects her entitlement to New York statutory benefits in accordance with the Disability Leave Policy.

Silverman Aff; ¶ 14. Plaintiff was overpaid in the amount of $29,329.51, reflecting erroneous payment of salary continuation under the Disability Leave Policy. Silverman Aff; ¶ 15. The overpayment of $29,329.51 was paid out by the JPMorgan Chase "cost center" for Plaintiff's business unit (#5560). Silverman Aff; ¶ 16.

Plaintiff's employment was terminated effective November 14, 2006. Silverman Aff; ¶ 17.

## ARGUMENT

### I.

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM BROUGHT BY JPMORGAN CHASE BANK, N.A. AGAINST PLAINTIFF BECAUSE IT SEEKS RESTITUTION, AN EQUITABLE REMEDY PERMITTED PURSUANT TO ERISA SECTION 502(a)(3)(B)

Section 502(a)(3)(B) of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. Section 1132(a)(3), provides, in relevant part, that a fiduciary may bring a civil action "obtain other appropriate equitable relief . . . (ii) to enforce. . . the terms of the plan." JPMorgan Chase Bank, N.A., as fiduciary (plan sponsor) of the JPMorgan Chase Disability Leave Policy (the "Plan"), has counterclaimed against Plaintiff for the return of money improperly paid to Plaintiff. While counsel for JPMorgan Chase Bank, N.A. did not expressly frame the counterclaim as an "equitable" action under Section 502(a)(3)(B), it is clearly one for restitution pursuant to the terms of the Plan. JPMorgan Chase Bank, N.A. is not seeking money damages; rather, JPMorgan Chase Bank, N.A. is entitled to be made whole from the monetary loss that the erroneous payout to Plaintiff caused and is seeking the return of money improperly paid by the Plan to Plaintiff -- which constitutes restitution, an equitable remedy.

Plaintiff's reliance on Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 233 S. Ct. 708 (2002) is misplaced. The Supreme Court in Great-West Life held that equitable

4

relief under Section 502(a)(3) is limited to the types of relief that typically were available in courts of equity. 534 U.S. at 219; 122 S. Ct. at 718. However, the same remedy may be available both at law and in equity and yet constitute equitable relief if law and equity attached different conditions to the remedy and the special conditions attached by equity are satisfied.

To that end, Plaintiff wholly fails to acknowledge the more recent Supreme Court decision of <u>Sereboff v. Mid Atlantic Medical Services, Inc.</u>, 547 U.S. 356, 126 S. Ct. 1869 (2006), where the Court found that a plan sponsor may seek restitution to recover off-sets, as defined by the plan at issue. Certainly in <u>Sereboff</u>, the Court was discussing third-party recoveries by plan beneficiaries, but here, the amount in dispute is clearly identifiable – indeed, the funds in controversy are the very benefits mistakenly paid by the Plan and taken from the JPMorgan Chase Bank, N.A. cost center for Plaintiff's previous business unit. Silveman Aff. § 16. JPMorgan Chase Bank, N.A. is entitled to be made whole from the monetary loss that the erroneous payout to Plaintiff caused and equity attaches the condition that the monetary relief is necessary to cure the erroneous administration of such benefits.

Accordingly, the Counterclaim brought against Plaintiff by JPMorgan Chase Bank, N.A. is permitted under Section 502(a)(3) and Plaintiff's Motion should be denied.

## II.

**THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD CLAIMS OF RETALIATION AND INTERFERENCE BECAUSE JPMORGAN CHASE BANK, N.A.'S COUNTERCLAIM DOES NOT CONSTITUTE AN "ADVERSE EMPLOYMENT ACTION" AND ANY SUCH AMENDMENT TO ADD SUCH CLAIMS WOULD BE FUTILE**

Although leave to amend a complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a motion to amend should be denied for reasons "'such as . . . futility of

5

amendment." Dluhos v. Floating and Abandoned Vessel Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998) (quotations omitted). An amendment will be deemed futile and the motion to amend denied where the amendment would be subject to "immediate dismissal" for failure to state a claim upon which relief can be granted, or would be subject to dismissal on some other basis. Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999). Thus, the standard for evaluating JPMorgan Chase Bank, N.A.'s opposition to the amendment on the ground that it would be futile requires this Court to examine whether Plaintiff's proposed retaliation claims could withstand a Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss. Nettis v. Levitt, 241 F.3d 196, 194 n.4 (2d Cir. 2001). JPMorgan Chase Bank, N.A. respectfully submits that such proposed claims could not.

While Plaintiff cites to Kreinik v. Showbran Photo, Inc., 2003 WL 22339268 (S.D.N.Y. 2003), as being a case directly on point, the Kreinik decision is actually inapposite. The Court in Kreinik found that a proposed retaliation claim under Section 510 of ERISA would not be barred merely because an employee no longer had an employment relationship with the employer at the time the counterclaim(s) were asserted. Id. At *5-6. However, Plaintiff wholly ignores the Court's next inquiry – can the employer's counterclaim(s), by their inherent nature, constitute an "adverse employment action?" Id. At *6. The Court recognized that while "an adverse employment action is generally one that affects the terms, privileges, duration or conditions of a plaintiff's employment, reprisals less flagrant than job termination or reduced wages can constitute adverse employment actions that warrant statutory protection . . . [i]ndeed, retaliatory actions injurious to a plaintiff's ability to secure future employment are actionable." Id. (citations omitted).

6

The Court proceeds to state that "[f]or a counterclaim to be actionable as retaliatory, . . . it must, . . . have 'some impact on [the] plaintiff's employment or prospective employment." Id. (*6-7) Thus, for Plaintiff's proposed retaliation claim to withstand a motion to dismiss, the claim as pleaded must sufficiently suggest that JPMorgan Chase Bank, N.A.'s counterclaim could have a direct, adverse impact on Plaintiff's present employment or future employment prospects. This she simply cannot do. Indeed, the language of the proposed claim for retaliation and interference under ERISA Section 510 fails to even allege any diverse, adverse impact on Plaintiff's present employment or future employment prospects, merely summarily concluding that JPMorgan Chase Bank, N.A.'s actions "violate the anti-retaliation and anti-interference provisions of ERISA Section 510 . . . [and a]s a direct and proximate result of this unlawful conduct, Plaintiff has suffered damages and [is] entitled to . . . equitable relief." [Proposed] First Amended Complaint, ¶¶ 69-74.

Plaintiff is no longer employed by JPMorgan Chase Bank, N.A. and hasn't been since November 14, 2006; moreover, JPMorgan Chase Bank, N.A. is already in the process of defending against Plaintiff's claim for benefits – so, as a matter of law, this Court cannot consider a restitution counterclaim to be retaliatory, since it is entirely consistent with JPMorgan Chase Bank, N.A.'s defense. Indeed, the inherent nature of the claim is the recovery of monies wrongly paid – it suggests no wrongdoing on the part of Plaintiff and in no way impugns her reputation or affects her ability to procure employment.

Accordingly, this Court should deny Plaintiff leave to amend her Complaint on the ground that such amendment would be futile.

## CONCLUSION

For the foregoing reasons, JPMorgan Defendants respectfully request that the Court deny Plaintiff's motion in its entirety.

Dated: March 4, 2008

JPMORGAN CHASE LEGAL &
COMPLIANCE DEPARTMENT

By: _____
Stacey L. Blecher, Esq.
Attorneys for JPMorgan Defendants
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-3814
Stacey.L.Blecher@Chase.com

To:  Sapir & Frumkin LLP
Daniel T. Driesen, Esq.
Attorney(s) for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366
DDriesen@sapirfrumkin.com

Sedgwick, Detert, Moran & Arnold LLP
Michael H. Bernstein, Esq.
Attorney(s) for Defendant Hartford Life
  And Accident Insurance Company
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202
Michael.Bernstein@sdma.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Via ECF

DONNA FEHN,

                      Plaintiff,  :  07 CIV. 8321 (WCC)

    -against-

                                              :  AFFIDAVIT OF SERVICE

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK, JP
MORGAN CHASE BANK, as Plan Administrator,
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, as Administrator/Fiduciary of the Plan, KRISTA
DUDECK, Individually, DANIEL BERTA, Individually,
KARA MORETT, Individually, and DESMOND "Doe,"
Individually,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**STATE OF NEW YORK    )**
                                ) ss.:
**COUNTY OF NEW YORK    )**

        _STUART RAGUSH_ being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A.

That on the 4th day of March, 2008 deponent served the within:

AFFIDAVIT OF DEBORAH L. SILVERMAN
**JPMORGAN DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO DISMISS JPMORGAN CHASE BANK, N.A.'S
COUNTERCLAIM AND FOR LEAVE TO AMEND THE COMPLAINT**

To:    Danie T. Driesen, Esq.                    Michael Bernstein, Esq.
       **Sapir & Frumkin LLP**                  **Sedgwick, Detert, Moran & Arnold, LLP**
       Attorneys for Plaintiff                       Attorneys for Defendant Hartford
       399 Knollwood Road, Suite 310         125 Broad Street, 39th Floor
       White Plains, New York 10603          New York, New York 10004-2400
       DDriesen@sapirfrumkin.com            Michael.Bernstein@sdma.com

by the address designated for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me this
_7th_ day of March, 2008

_Vivian Patricia Falconi_
Notary Public

                VIVIAN PATRICIA FALCONI
                Notary Public, State of New York
                       No. 41-4835878
163621:v1            Qualified in Queens County
                Certificate Filed in New York County
                Commission Expires Aug 31, 20 09