UNITED STATES DISTRICT COURT                                       ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DONNA FEHN,

                                                     07 Civ. 8321 (WCC) (GAY)

                      Plaintiff,

     - against -

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK,
JP MORGAN CHASE BANK, as Plan Administrator,
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, as Administrator/Fiduciary of the Plan,
KRISTA DUDECK, Individually, DANIEL BERTA,
Individually, KARA MORETT, Individually,
and DESMOND "Doe," Individually,

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO DISMISS JPMC DEFENDANT'S COUNTERCLAIMS
AND FOR LEAVE TO AMEND THE COMPLAINT**

SAPIR & FRUMKIN LLP
Attorneys for Plaintiff
399 Knollwood Road, Suite 310

White Plains, New York 10603
(914) 328-0366

i

## POINT I

## DEFENDANT JPMC FAILED TO CITE ANY CONTROLLING STATUTORY OR CASE LAW THAT SUPPORTS ITS ATTEMPT TO OBTAIN NON-EQUITABLE RELIEF

Defendant cites one case, *Sereboff v. Mid Atlantic Med. Serv., Inc.*, in its opposition to Plaintiff's argument, that Defendant JPMC failed to state a cognizable claim under ERISA § 502(a)(3) because is seeks money damages, a legal remedy. 547 U.S. 356, 126 S. Ct. 1869 (2006). Defendant's reliance on *Sereboff* is grossly misplaced.

As noted in Plaintiff's prior memorandum of law, personal liability against a plan participant for money damages is not relief typically available in equity and is therefore not permitted under ERISA § 502(a)(3)(B). *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 233 S. Ct. 708, 718 (2002); *Coan v. Kaufman*, 457 F.3d 250, 263 (2d Cir. 2006) (no equitable relief found where plaintiff was seeking monetary damages from the general assets of defendant rather than a specifically identified fund); *DePace v. Molinaro*, 257 F. Supp. 2d 543, 561 (E.D.N.Y. 2003).

The Supreme Court in *Sereboff* did nothing to undermine this interpretation of § 502(a)(3) as set forth in *Knudson*. *Sereboff*, 126 S. Ct. at 1873-76. In *Knudson*, the Court found that the putative relief sought by Great-West was not equitable, *i.e.*, "the imposition of a constructive trust or equitable lien on particular property", but rather legal, the imposition of personal liability for the benefits conferred upon the participant. *Knudson*, 534 U.S. at 214.

The Court in *Sereboff* distinguished its prior holding based upon the fact that there were "specifically identifiable funds that were in the possession and control of the Sereboffs - - that portion of the tort settlement due Mid Atlantic under the terms of the ERISA plan, set aside and preserved [in the

Sereboffs'] investment accounts." 126 S. Ct. at 1874 (internal quotations omitted). The Court specifically noted that:

> [Mid Atlantic] alleged breach of contract and sought money, to be sure, but it sought its recovery through a constructive trust or equitable lien on a specifically identified fund, *not from the Sereboff's assets generally*, as would be the case with a contract action at law.

*Id.* (emphasis added).

Here, unlike the fiduciary in *Sereboff*, Defendant JPMC does not plead that there exists a specific fund upon which it seeks to recover through a constructive trust or equitable lien. Rather, Defendant JPMC merely seeks to recover monetary damages from the general assets of Ms. Fehn, which purportedly contain the alleged "erroneous payout" made to Plaintiff. Defendant's failure to identify a particular fund of Plaintiff from which to recover proscribes its counter-claim. *Sereboff*, 126 S. Ct. at 1874; *Knudson*, 534 U.S. at 214. Accordingly, Defendant JPMC's counterclaim must be dismissed.

## POINT II

**DEFENDANT JPMC IMPROPERLY SEEKS TO LIMIT PLAINTIFF'S RETALIATION AND INTERFERENCE CLAIM TO ONE SEEKING RELIEF FOR ADVERSE EMPLOYMENT ACTIONS**

Section 510 of ERISA, provides that it shall be unlawful to discriminate against any person for exercising a right provided under the Act or to interfere with a participant attempting to receive a benefit conferred under an ERISA plan. *See* 29 U.S.C. 1140; *Dister v. Cont. Grp.*, 859 F.2d 1108, 1110-11 (2d Cir. 1988). The plain language of § 510 is not limited to acts by employers (present or past), nor does it solely prohibit adverse employment actions (*i.e.*, discharge, fine, suspend, expel). 29 U.S.C. 1140.

Rather, § 510 makes it unlawful for "any person" to "discriminate against any person" for engaging in the protected activity prescribed. *Id.* Furthermore, the section also makes unlawful discrimination by a plan sponsor or any person against "any contributing employer" for exercising rights under the chapter. *Id.*

While Defendant notes that Plaintiff cited to *Kreinik v. Showbran Photo*, 2003 U.S. Dist. LEXIS 18276 (S.D.N.Y. Oct. 14, 2003), that citation was for the proposition that a retaliation claim can be based upon the imposition of a counterclaim in response to a plan participant's exercise of protected rights, namely commencement of ERISA litigation. Plaintiff respectfully disagrees with the part of the holding in *Kreinik*, wherein it was stated that the adverse retaliatory action suffered by the litigant had to be an adverse *employment* action.

"The law is unsettled regarding the extent to which a § 510 claim must implicate the employer-employee relationship." *Tirone v. New York Stock Exch., Inc.*, 2006 U.S. Dist. LEXIS 69591, *9 (S.D.N.Y. Sept. 28, 2006). While district courts have limited these claims to employment relationships, the Second Circuit has not addressed the issue. *Id.* Elsewhere, courts have held it to be "more appropriate to view 'employment relationship' as an illustrative but non-exclusive description of a set of rights that are protected by § 510." *Mattei v. Mattei*, 126 F.3d 794, 801 (6th Cir. 1997); *see In Sup Choi, M.D. v. Mass. Gen'l Phys. Org., Inc.*, 66 F. Supp. 2d 251 (D. Mass 1999). In these cases, the courts reasonably analyzed the statutory language of ERISA, noting that the anti-relation and anti-interference provision is not narrowed to employment relationships. *Id.*

Accordingly, because the law is unsettled in this area, and because Defendant JPMC cannot rely on controlling precedent to demonstrate the purported futility of Plaintiff's proposed retaliation and interference claim under ERISA § 510, Plaintiff's motion for leave to amend the complaint should be

granted.

## CONCLUSION

Based on the foregoing, the counterclaim must be dismissed in its entirety for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and leave should be given to amend plaintiff's complaint pursuant to Rule 15(a).

Dated:  White Plains, New York
       March 21, 2008                         **SAPIR & FRUMKIN LLP**

                                          By: __/s/ Daniel T. Driesen_____
                                                William D. Frumkin (WF 2173)
                                                Daniel T. Driesen (DD 3201)
                                                Attorneys for Plaintiff
                                                399 Knollwood Road, Suite 310
                                                White Plains, New York 10603
                                                (914) 328-0366

*On the Brief*:

      Daniel T. Driesen
      William D. Frumkin

F:\APPLICAT\WP\Fehn\Litigation\Motion to Dismiss.Reply Memo of Law.wpd\rlh

## **CERTIFICATE OF SERVICE**

      I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on March 21, 2008, a copy of REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS JPMC DEFENDANTS' COUNTERCLAIMS AND FOR LEAVE TO AMEND THE COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

      Stacey L. Blecher, Esq.
      One Chase Manhattan Plaza, 26th Floor
      New York, New York 10081
      Attorneys for JPMorgan Chase Defendants

      Michael H. Bernstein
      Sedgwick, Detert, Moran & Arnold LLP
      125 Broad Street
      New York, New York 10004-2400
      Attorneys for Defendant Hartford Life and Accident Insurance Company

      Parties may access this filing through the Court's electronic filing system

      /s/ Daniel T. Driesen
      Daniel T. Driesen (DD 3201)