UNITED STATES DISTRICT COURT  ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DONNA FEHN,

                                                  07 Civ. 8321 (WCC)(GAY)

                        Plaintiff,

       - against -

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF JP MORGAN CHASE BANK,
JP MORGAN CHASE BANK, as Plan Administrator,
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, as Administrator/Fiduciary of the Plan,
KRISTA DUDECK, Individually, DANIEL BERTA,
Individually, KARA MORETT, Individually,
and DESMOND "Doe," Individually,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
JPMC'S MOTION FOR RECONSIDERATION**

SAPIR & FRUMKIN LLP
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

      POINT I. THE COURT SHOULD DENY THE DEFENDANT'S MOTION FOR RECONSIDERATION DUE TO DEFENDANT'S FAILURE TO DEMONSTRATE THAT CONTROLLING DECISIONS OR FACTS WOULD ALTER THE CONCLUSION OF THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      POINT II.   THE DEFENDANT IMPROPERLY RELIES ON *GUTTA* AND *FEDDERWITZ* AS A BASIS FOR RECONSIDERATION BECAUSE NEITHER DECISION SPECIFICALLY DEALS WITH AN ALLEGED IMPROPER PAYMENT OF BENEFITS AND NEITHER DECISION ARTICULATES A CHANGE IN CONTROLLING LAW OR ADVANCES A NEW LEGAL BASIS FOR JPMC'S POSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.      Defendant's use of *Gutta v. Standard Select Trust Ins. Plans* . . . . . . . . . . . . . . . . 3

      B.      Defendant's use of *Fedderwitz v. Metro. Life Ins. Co's Disability Unit* . . . . . . . . 5

      POINT III.   THE DEFENDANT'S USE OF THE BENEFITS DESCRIPTION DOES NOT QUALIFY AS NEW FACTUAL MATTERS, AND THEREFORE DOES NOT SUPPORT THE GRANT OF A MOTION FOR RECONSIDERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      POINT IV. THE DEFENDANT HAD MULTIPLE OPPORTUNITIES TO PRESENT THE MATERIALS AND ARGUMENTS THEY INCLUDED IN THEIR MOTION, THEREFORE THEY ARE COMPROMISING THE JUDICIARY'S INTEREST IN FINALITY AND CONSERVATION OF RESOURCES . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

*Cases*

*Avoletta v. City of Torrington,* 2008 U.S. Dist. LEXIS 54763 (D. Conn. 2008) . . . . . . . . . . . . 1, 2

*Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry.,* 553 F. Supp. 2d 348 (S.D.N.Y. 2008) . . . . . . . . 8

*Brophy v. Northrop Grumman Corp.,* 55 Fed. App'x 590 (2d Cir. 2003) . . . . . . . . . . . . . . . . . 1, 8

*Fedderwitz v. Metro. Life Ins. Co's Disability Unit,* 2007 U.S. Dist. LEXIS 72702
(S.D.N.Y. 2007 ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

*Gutta v. Standard Select Trust Ins. Plans,* 2008 U.S. App. LEXIS 13461 (7th Cir. 2008) . . . . 3-7

*Horsehead Res. Dev. Co., v. B.U.S. Envtl. Servs. Inc.,* 928 F. Supp. 287 (S.D.N.Y. 1996) . . . 3, 7

*In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F. Supp. 2d 613 (S.D.N.Y. 2000) . . . . . . . . . . . . 2, 8

*Schrader v. CSX Transportation Inc.,* 70 F.3d 255 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 1

*Sereboff v. Mid Atl. Servs.,* 547 U.S. 356 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6

**POINT I**

**THE COURT SHOULD DENY THE DEFENDANT'S MOTION FOR RECONSIDERATION DUE TO DEFENDANT'S FAILURE TO DEMONSTRATE THAT CONTROLLING DECISIONS OR FACTS WOULD ALTER THE CONCLUSION OF THE COURT**

The Second Circuit has articulated that the standard for granting a motion to reconsider is strict -- and as a result, it is afforded in limited circumstances. *See Schrader v. CSX Transportation Inc.,* 70 F.3d 255 (2d Cir. 1995). The burden rests with the moving party to demonstrate and substantiate its claim that the court neglected controlling case law or data that could have reasonably modified the court's holding. *Id.* at 257. This generally involves an analysis of whether the court has overlooked factual or legal matters presented before it, in reaching its conclusion. *See Brophy v. Northrop Grumman Corp.,* 55 Fed. App'x 590 (2d Cir. 2003) (denying plaintiff's appeal of his motion for reconsideration due to plaintiff's attempt to relitigate factual and legal matters that had previously been submitted to the court). The Second Circuit has recognized three grounds which warrant reconsideration: "(1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct a clear error or prevent manifest injustice." *Avoletta v. City of Torrington,* 2008 U.S. Dist. LEXIS 54763, *2-3 (D. Conn. 2008). As such, it is not a means for "securing a rehearing on the merits," or for affording an aggrieved litigant a second opportunity to litigate its case. *Id.* at *3. None of these grounds are present here.

Defendant JPMC's motion for reconsideration is a blatant attempt to relitigate the merits of the case solely to obtain a more favorable outcome. The defendant's attempts to mask this initiative within the confines of a motion for reconsideration violates the general purpose of the rule, by

compromising the judiciary's interest in finality and the conservation of judicial resources. *See In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F. Supp. 2d 613 (S.D.N.Y. 2000) (denying plaintiffs motion for reconsideration for recouping additional attorneys' fees because plaintiffs raised new arguments that could have been presented before judgment, which contradicted the judiciary's goals of preserving finality and judicial resources).

Here, Defendant JPMC is attempting to buttress its prior position with repetitive and meritless arguments, through advancing case law propositions that were previously rejected by the court, and in failing to identify a change in controlling case law or new controlling facts that would support a reconsideration motion. The case law cited by Defendant JPMC in its motion for reconsideration neither varies greatly from the cases previously submitted before this Court nor articulates a new controlling analysis by which the Court's decision could be altered. In short, Defendant JPMC fails to identify any intervening changes in the controlling law that are binding on this Court. Furthermore, a motion for reconsideration cannot be used to proffer evidence that was available before the court entered judgment. *In re Health Mgmt. Sys. Inc.,* 113 F. Supp. 2d 613, 615. Defendant's factual and legal basis for moving for reconsideration is effectively an attempt to recast the merits of the case, without citing to changes in the controlling case law or newly discovered evidence was a "thinly veiled attempt to relitigate arguments and issues" already considered by the court. *See Avoletta,* 2008 U.S. Dist. LEXIS 54763, *3-4. This Court has held that reconsideration motions must be narrowly construed to prevent litigants from making repetitive arguments that have already come before the court. In addition to this limitation, a motion for reconsideration "may not be used to plug gaps in an original argument" or "to argue in the alternative once a decision has been

made." *Horsehead Res. Dev. Co., v. B.U.S. Envtl. Servs. Inc.,* 928 F. Supp. 287, 289 (S.D.N.Y. 1996). Under this narrow construction, Defendant JPMC's motion is meritless, because the issue has been throughly adjudicated and considered by this Court.

### POINT II

**THE DEFENDANT IMPROPERLY RELIES ON *GUTTA* AND *FEDDERWITZ* AS A BASIS FOR RECONSIDERATION BECAUSE NEITHER DECISION SPECIFICALLY DEALS WITH AN ALLEGED IMPROPER PAYMENT OF BENEFITS AND NEITHER DECISION ARTICULATES A CHANGE IN CONTROLLING LAW OR ADVANCES A NEW LEGAL BASIS FOR JPMC'S POSITION**

Defendant JPMC's reliance on the Seventh Circuit case of *Gutta v. Standard Select Trust Ins. Plans,* 2008 U.S. App. LEXIS 13461 (7th Cir. 2008) and on *Fedderwitz v. Metro. Life Ins. Co's Disability Unit,* 2007 U.S. Dist. LEXIS 72702 (S.D.N.Y. 2007) in its Memorandum of Law in Support of a Motion for Reconsideration is misplaced. *See* JPMC Mem. Mot. Reconsideration, p. 6. Because both decisions rehash legal points that have already been presented before this Court and neither decision articulates or identifies a change in controlling case law, the Defendant's use of the two cases fails to meet the strict standards for a reconsideration motion.

  A. **Defendant's use of *Gutta v. Standard Select Trust Ins. Plans***

Defendant JPMC's reliance on *Gutta* is an attempt to relitigate arguments previously raised in the case. *Gutta* dealt with the payment of medical benefits by a plan governed by the Employee Retirement Security Income Act (ERISA) which could be recouped due to the plan's offset provision in the event other group insurance plans made payment. The court in *Gutta,* relied on *Sereboff v. Mid Atl. Servs.,* 547 U.S. 356 (2006) in holding that the reimbursement provision in the plan created an "equitable lien by agreement," which entitled the defendant to offset the benefits

3

paid, despite an inability to specifically to trace the particular funds. Defendant JPMC's reliance on this case is mistaken, both due to striking factual distinctions and its distinguishable legal basis.

First, the facts in *Gutta* and its controlling case *Sereboff* are distinguishable from those on hand in the present case because *Gutta* and *Sereboff* both dealt with an overpayment of benefits to which the defendant sought reimbursement, when the plan beneficiary recovered payment for its injuries from a third party. In both cases, the plan beneficiary had been compensated twice -- through two different carriers -- for the same injuries. This is distinct from the facts at hand. Here, Defendant JPMC is not seeking restitution for an overpayment due to an offset provision based on a subrogation theory, nor is it arguing that the Plaintiff was compensated by a third party, it is simply arguing that it issued a disability payment under the plan, due to the Plaintiff's alleged ineligibility under the terms of the policy. Thus, the subrogation provision which formed the basis for *Gutta* and *Sereboff's* equitable lien by agreement is not present here, because the funds sought to be repaid were never held by a third party, as this Court correctly held in its original decision.

Second, Defendant JPMC is putting forward repetitive arguments, as it is relying on the same legal argument it previously advanced in its Memorandum of Law in Opposition to the Plaintiff's Motion to Dismiss JPMC's Counterclaim and for Leave to Amend the Complaint. *See* JPMC Mem. Opp. Mot. Dismiss, p. 5. Accordingly, Defendant JPMC's reliance on *Gutta* in support of a reconsideration motion is misplaced because *Gutta* exclusively relies on the holding of *Sereboff*, a case which this Court distinguished in its Opinion and Order, dated June 30, 2008, due to Defendant JPMC's inability to demonstrate it's corresponding right to the funds in the Plaintiff's possession

under the "equitable lien by agreement" theory advanced by *Sereboff*. *See* Opinion, p. 5-8. This Court held that unlike the defendant in *Sereboff,* where Mid Atlantic demonstrated its right to the identified funds through the language of its ERISA governed plan, Defendant JPMC failed to demonstrate title or right to possession of the alleged overpayment of benefits, due to its deficiency in locating a similar provision in its ERISA plan document. This deficiency has not been cured by Defendant JPMC's use of the *Gutta* decision. Similar to the facts in *Sereboff,* the defendant in *Gutta* claimed and substantiated it was entitled to restitution for nearly all of the benefits it had paid out to the plaintiff, due to an offset provision in its ERISA plan, for benefits received from third party insurance plans. The court in *Gutta* held that the pseudo-subrogation provision in the plan created an "equitable lien by agreement," which did not require a strict tracing analysis. In contrast to the facts in *Gutta* and in *Sereboff*, Defendant JPMC has not demonstrated the existence of a similar "equitable lien by agreement," which is evidenced by its failure to specifically reference provisions of its ERISA plan which similarly articulates its right to title or possession. Therefore, Defendant JPMC cannot rely on a *Gutta* analysis to assert title to the Plaintiff's benefits, due to this overwhelming deficiency. Moreover, this Court should note the Defendant's limited use of case law to advance its proposition, and its primary use of *Gutta,* a non-binding Seventh Circuit decision to bolster its position.

        **B.**        **Defendant's use of *Fedderwitz v. Metro. Life Ins. Co's Disability Unit***

Defendant JPMC also mistakenly relies on *Fedderwitz* for the proposition that an overpayment of benefits is recoverable because the relief is equitable in nature. *See* JPMC Mem. Mot. Reconsideration, p.6. This Court has already reviewed the *Fedderwitz* decision, and distinguished its applicability from the present situation. In the Opinion and Order dated June 30,

2008, this Court distinguished *Fedderwitz* because the defendant in seeking recovery for an overpayment of benefits relied on the plan's special *res* (the Social Security disability benefits) which was "designated to a specific creditor," to offset the benefits paid by the defendant. The court held that offsetting the benefits to a specific creditor, essentially created an "equitable lien" which permitted recovery under ERISA. Defendant JPMC in its argument fails to identify how the alleged improper payment of benefits has been similarly designated to them, to warrant their recovery on a theory of "equitable lien by agreement." Furthermore, as previously discussed, *Fedderwitz* also rests on *Sereboff,* which this Court previously distinguished. Accordingly, this Court should deny the Defendant JPMC's motion for reconsideration on this basis.

### POINT III

**THE DEFENDANT'S USE OF THE BENEFITS DESCRIPTION DOES NOT QUALIFY AS NEW FACTUAL MATTERS, AND THEREFORE DOES NOT SUPPORT THE GRANT OF A MOTION FOR RECONSIDERATION**

Defendant JPMC through the Affidavit of Stacey L. Blecher, dated July 15, 2008 attached a copy of its disability leave policy. *See* Affidavit of Stacey L. Blecher, p.2. Defendant JPMC attempts to analogize this disability leave policy to the Group Policy plan in *Gutta*, which the Seventh Circuit held entitled the defendant-insurance company to a recoupment of benefits due to the offset provision in the plan for benefits received from another group insurance plan. As previously discussed, the Seventh Circuit held that the plan's reimbursement provision, which was governed by ERISA, created an "equitable lien by agreement," between the plaintiff and the defendant. *See Gutta,* 2008 U.S. App. LEXIS 13461. This is not the case for Defendant's disability policy. The disability policy that Defendant JPMC presents for comparison does not entitle the defendant to an "equitable lien by agreement" by which to recoup its alleged overpayment. The

provision in *Gutta* was located within its ERISA plan, and therefore subject to strict disclosure and notice requirements. Unlike in *Gutta*, where Standard was obligated to furnish this information on the plaintiff, JPMC has not demonstrated that Ms. Fehn was ever provided with this document. Furthermore, the Defendant JPMC's inclusion of the disability leave policy does not rise to the level of identifying new controlling evidence. This very policy was presented before this Court in the Affidavit of Deborah L. Silverman in Support of Defendant's Opposition to Plaintiff's Motion to Dismiss JPMC's Counterclaim and for Leave to Amend the Complaint, dated March 4, 2008. *See* Affidavit of Deborah L. Silverman, p. 2. At that juncture, Defendant JPMC failed to assert this argument and failed to use this policy to advance a similar argument. The Defendant's previous oversight does not warrant the granting of a motion for reconsideration, as a reconsideration "may not be used to pug gaps in an original argument." *See Horsehead Res. Dev. Co.,* 928 F. Supp. 287, 289. Because the Court has already reviewed this policy and failed to accord it deference or weight, Defendant fails to meet the standard for a motion for reconsideration. In sum, Defendant JPMC summarily glosses over the fact that they previously submitted the disability policy before the Court, and attempts to analogize the policy with the *Gutta* plan, despite the fact that the policy does not take a similar form to the *Gutta* plan. Therefore, the Defendant's use of the disability policy should not be accorded similar persuasive weight, due to Defendant's "fail[ure]to state a claim under § 502(a)(3)." *See* Opinion, p.8.

## POINT IV

## THE DEFENDANT HAD MULTIPLE OPPORTUNITIES TO PRESENT THE MATERIALS AND ARGUMENTS THEY INCLUDED IN THEIR MOTION, THEREFORE THEY ARE COMPROMISING THE JUDICIARY'S INTEREST IN FINALITY AND CONSERVATION OF RESOURCES

As previously discussed, a motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry.,* 553 F. Supp. 2d 348 (S.D.N.Y. 2008) (denying defendants' motion for reconsideration due to the repetitive nature of the argument and the fact that the defendants' counsel had multiple opportunities to make similar arguments to what they raised in the reconsideration motion, prior to the motion stage, specifically during briefings and oral argument). Defendant JPMC's attempts are similar to that of the plaintiff's in *Brophy,* 55 Fed. App'x. 590 (2d Cir. 2003) due to the fact they had previously submitted this same disability leave policy before this Court. In *Brophy,* the plaintiff moved for reconsideration by submitting various letters which argued a position that had already been presented before the court, and rejected by the court, as well as facts which had already been placed on the record. The court held that due to the plaintiff's failure to identify legal or factual matters that the District Court overlooked, the denial of the motion for reconsideration was appropriate. Similar to *Brophy,* Defendant JPMC's re-inclusion of this policy does not rise to the level of new factual matters to warrant the granting of a motion for reconsideration. Furthermore, because Defendant JPMC's counsel had an opportunity to make these arguments at various stages of the litigation, the motion should not be granted at this juncture. *See In re Health Mgmt. Sys. Inc.,* 113 F. Supp. 2d 613 (S.D.N.Y. 2000) (denying plaintiffs' counsel motion for reconsideration arguing for additional attorneys' fees because plaintiffs counsel raised arguments and presented evidence that they could

have reasonably presented before judgment).

## CONCLUSION

Based on the foregoing, the Defendant's motion for reconsideration should be denied.

Dated: White Plains, New York
      July 29, 2008                  Respectfully,

                                  **SAPIR & FRUMKIN LLP**

                                By: /s/ William D. Frumkin
                                    William D. Frumkin (WF 2173)
                                    Attorneys for Plaintiff
                                    399 Knollwood Road, Suite 310
                                    White Plains, New York 10603
                                    (914) 328-0366

*On the Brief*:

    William D. Frumkin
    Bindu Krishnasamy

F:\APPLICAT\WP\Fehn\Litigation\Opposition to Motion to Reconsider\Opposition.to.Motion.to.Reconsider.7.29.08.ECF.wpd\rlh

## **CERTIFICATE OF SERVICE**

I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on July 29, 2008, a copy of MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JPMC'S MOTION FOR RECONSIDERATION was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

>Stacey L. Blecher, Esq.
>One Chase Manhattan Plaza, 26th Floor
>New York, New York 10081
>Attorneys for JPMorgan Chase Defendants
>
>Michael H. Bernstein
>Sedgwick, Detert, Moran & Arnold LLP
>125 Broad Street
>New York, New York 10004-2400
>Attorneys for Defendant Hartford Life and Accident Insurance Company

Parties may access this filing through the Court's electronic filing system

      /s/ Rachel L. Horton
      Rachel L. Horton