```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
DONNA FEHN,                              :    07 Civ. 8321 (WCC)

                       Plaintiff,        :    ECF CASE

         - against -                     :
                                              OPINION
GROUP LONG TERM DISABILITY PLAN FOR      :    AND ORDER
EMPLOYEES OF JP MORGAN CHASE BANK, JP
MORGAN CHASE BANK, as Plan Administrator,:
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, as Administrator/Fiduciary of   :
the Plan, KRISTA DUDECK, Individually,
DANIEL BERTA, Individually, KARA MORETT, :
Individually, and DESMOND "DOE,"
Individually,                            :

                       Defendants.       :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                        SAPIR & FRUMKIN LLP
                                        **Attorneys for Plaintiff**
                                        399 Knollwood Road, Suite 310
                                        White Plains, New York 10603

DANIEL T. DRIESEN, ESQ.
WILLIAM D. FRUMKIN, ESQ.

        Of Counsel


                                        JPMORGAN CHASE LEGAL DEPARTMENT
                                        **Attorneys for Defendant**
                                            **JP Morgan Chase Bank**
                                        One Chase Manhattan Plaza, 26th Fl.
                                        New York, New York 10081

STACEY L. BLECHER, ESQ.

        Of Counsel

**Conner, Sr. D.J.:**

Plaintiff, Donna Fehn, brings this suit against defendants, Group Long Term Disability Plan for Employees of JP Morgan Chase Bank ("LTD Plan"), JP Morgan Chase Bank ("JPMC"), Hartford Life and Accident Insurance Company ("Hartford"), Krista Dudeck ("Dudeck"), Daniel Berta ("Berta"), Kara Morett ("Morett") and Desmond Doe ("Doe"), pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §§ 1104(a), 1132(a)(1)(B), (a)(3).  Plaintiff alleges that defendants denied her benefits and breached their fiduciary duties in violation of ERISA.  In an Opinion and Order dated June 30, 2008 (the "Opinion"), we granted plaintiff's motion to dismiss JPMC's counterclaim for recovery of money.  Defendant JPMC moves for reconsideration of that portion of the Opinion pursuant to FED. R. CIV. P. 59(e) and S.D.N.Y. LOCAL CIV. R. 6.3.  For the following reasons, that motion is denied.

## BACKGROUND

The facts of this case are laid out at length in our Opinion, familiarity with which is presumed.  We briefly summarize the facts relevant to this motion.

Plaintiff commenced her employment with The Chase Manhattan Bank, predecessor in interest to JPMC, on July 24, 1978. (Answer ¶ 11.)  In or about January 2005, plaintiff submitted her resignation to JPMC, and at the time of her resignation plaintiff was a participant in JPMC's various employee benefits plans, including defendant LTD Plan. (Complt. ¶¶ 14-16.)  In or about September 2005, plaintiff and Dudeck discussed an opening for a Branch Manager at JPMC's Patterson, New York branch. (*Id.* ¶ 20.)  On October 12, 2005 plaintiff met with Berta, Senior Vice President at JPMC, who told plaintiff that JPMC wanted her back but that JPMC could not match her current

1

annual salary of $72,000. (*Id.* ¶ 23.) Plaintiff and Berta also discussed the possibility of plaintiff being rehired as a reinstated employee to a Branch Manager position. (Answer ¶ 23.)

On October 31, 2005, plaintiff reported for work at JPMC's Patterson branch. (Complt. ¶ 33.) After her rehire date and the onset of her alleged illness on or about November 2, 2005, plaintiff was paid $33,749.51 in short-term disability benefits under JPMC's Short-Term Disability Plan ("STD Plan"). (Countercl. ¶ 1.) Pursuant to the STD Plan then in effect, plaintiff was not eligible to receive salary continuation because she had not yet met the Introductory Period, as defined by the STD Plan. (*Id.* ¶ 2.) Plaintiff was entitled to receive only statutory benefits of $170 per week paid to employees working in New York if they were not eligible for salary continuation, in which case she would have been paid only $4,420. (*Id.* ¶¶ 3-4.) JPMC claims that plaintiff was overpaid in the amount of $29,329.51, the erroneous payment of salary continuation by JPMC, and therefore it is entitled to recover that amount because plaintiff was not entitled to it under the STD Plan. (*Id.* ¶¶ 5-6.)

## DISCUSSION

### I.  **Standard of Review**

A motion for reconsideration or re-argument may be granted only if the court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Greenwald v. Orb Commc'ns & Mktg., Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)) (alteration in original); *see also* S.D.N.Y. LOCAL CIV. R. 6.3. Controlling decisions include

2

decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York. *See Ades v. Deloitte & Touche*, 843 F. Supp. 888, 892 (S.D.N.Y. 1994). Local Rule 6.3 should "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Brown v. Barnhart*, 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) ("Accordingly, the moving party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks and citation omitted). "Whether to grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge." *Greenwald*, 2003 WL 660844, at *1 (internal quotation marks and citation omitted).

II.     **JPMC's Arguments for Reconsideration**

JPMC argues that the Disability Leave Policy (the "Policy") in effect at the time provided for reimbursement in the event of an overpayment to plaintiff, and therefore we should find that there was an "equitable lien by agreement" between plaintiff and JPMC. (Def. Mem. Supp. Mot. Recons. at 6.) JPMC cites *Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614 (7th Cir. 2008), to support its argument that such an "equitable lien by agreement" is not dependent on the ability to trace particular funds. (Def. Mem. Supp. Mot. Recons. at 6.)

Because the Seventh Circuit opinion in *Gutta*, cited by JPMC, is not controlling law we need not consider it. *See Ades*, 843 F. Supp. at 892. Moreover, it is inapplicable here. In *Gutta*, the defendant filed a counterclaim for restitution of disability benefits it paid the plaintiff because the policy contained an offset provision for benefits received from other group insurance plans. 530 F.3d at 616. The plaintiff acknowledged receiving benefits from another plan. *Id* at 616-17. The court determined that the reimbursement provision was indistinguishable from the reimbursement provision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006), and that an "equitable lien by agreement" existed between the plaintiff and the defendant. *Gutta*, 530 F.3d at 621. Therefore, the court held that even if the benefits the defendant paid the plaintiff were not specifically traceable, the defendant could bring a counterclaim under ERISA. *Id*.

*Sereboff* is distinguishable for the reasons stated in our earlier Opinion. *Gutta* relied on *Sereboff* because the facts of those two cases were indistinguishable. Therefore, although JPMC argues that there is no distinction, we need not apply *Gutta* to the circumstances at issue here because it is distinguishable. The reimbursement provision in JPMC's Policy is similar to the ones at issue in *Sereboff* and *Gutta*. If this were a case in which plaintiff had received benefits from an outside source and JPMC was seeking restitution of benefits paid pursuant to the offset provision, then *Sereboff* (and *Gutta*) might apply. However, JPMC does not allege, and plaintiff has not stated, that she received benefits from an outside source. JPMC's only claim for restitution is that it overpaid plaintiff because of an internal mistake it made in the calculation of benefits owed plaintiff. This is not covered by the offset provision in their Policy, nor is it analogous to the situation in *Sereboff*

and *Gutta*.[1]

The mere existence of an agreement for reimbursement does not create an "equitable lien by agreement." Such an agreement existed in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002). In *Knudson*, respondent wife received benefits under respondent husband's plan with petitioner Great-West. *Id*. at 207. The plan included a reimbursement provision, and respondents recovered a settlement which allocated a portion to satisfy Great-West's claim under that provision. *Id*. at 207-08. Respondents provided that amount to Great-West, but Great-West did not cash the check and filed an action in federal court instead, seeking injunctive and declaratory relief under § 502(a)(3) to enforce the reimbursement provision of the plan. *Id*. at 208. The Court held that Great-West's claim was one for legal, not equitable relief. *Id*. at 214.

> The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents.

*Id*. (emphasis in original). This is exactly the type of claim JPMC asserts against plaintiff here and we see no reason why *Knudson* does not control our decision. JPMC claims that it conferred a benefit upon plaintiff under the STD Plan and it is contractually entitled to some reimbursement for

---

[1] We note that under the actual provision in the Policy, there is no agreement to return any payment that was overpaid because of an error on the part of JPMC. The Policy states:
> The disability pay benefits that you receive during your approved disability period are offset by any statutory benefits . . . or Workers' Compensation benefits for which you may be eligible. You are not eligible to receive more than 100% of your pay between any state disability or Workers' Compensation benefits and disability pay benefits you may be eligible to receive under this policy. Any combination of disability benefit payments exceeding 100% of your pay must be returned to the firm.

(Blecher Aff., Ex. B at 2.)

5

those benefits conferred.

Although JPMC argues that this Court "recognizes that if an overpayment is offset for Social Security disability benefits, the money is recoverable," (Def. Mem. Supp. Mot. Recons. at 6 (citing *Fedderwitz v. Metro. Life Ins. Co's Disability Unit*, 2007 WL 2846365 (S.D.N.Y. Sept. 27, 2007))), we have already considered *Fedderwitz* and distinguished it in our earlier Opinion.  It is distinguishable for the same reason *Sereboff* and *Gutta* are distinguishable.  To the extent that JPMC makes arguments that we already addressed in our Opinion, that is not an appropriate ground for reconsideration.  *See Briller v. Barnhart*, 2006 WL 118367, at *3 (S.D.N.Y. Jan. 16, 2006).

However, JPMC offers an additional argument that we will address.  JPMC argues that there is no distinction between "improper" payments and "overpayment" payments, and that each results in an equitable lien. (Def. Mem. Supp. Mot. Recons. at 6.)  In *Fedderwitz*, the plaintiff signed an agreement to reimburse overpayment of benefits that required him to reimburse the defendant for the difference between the defendant's benefit payment and any Social Security benefits he received.  2007 WL 2846365, at *3.  The court granted the defendant summary judgment on its counterclaim seeking recovery of an overpayment of benefits due to the plaintiff's receipt of Social Security benefits.  *Id*. at *11.  The court noted that a specific res (the Social Security benefits) was designated to a specific creditor (the defendant) and therefore the action was permissible under ERISA.  *Id*.  These facts are similar to the facts of *Sereboff* and *Gutta*.

Although JPMC here argues that there was a similar agreement between it and plaintiff for reimbursement of overpayment, this action is distinguishable from *Fedderwitz* because there is no specific res, which is the crux of an equitable claim, as we explained in our earlier Opinion.  In *Fedderwitz*, the specific res was the Social Security benefits plaintiff received, which offset the

6

payments he received from the defendant. Here JPMC argues that it mistakenly overpaid plaintiff, there is no specific res which it claims as an offset to the benefits it owed plaintiff, as there was in *Gutta* and *Fedderwitz*. Although JPMC attempts to persuade the court that there is no difference between an improper payment in this case and an overpayment in *Fedderwitz* and *Gutta*, from the point of view of the Court there is a difference. Under controlling precedent the former does not create a specific res and the latter does, therefore, the former does not support an action in equity while the latter does.

As JPMC has proffered no legitimate reason for this Court to reconsider its June 30, 2008 Opinion and Order, its motion is denied.

### CONCLUSION

For all of the foregoing reasons, defendant JP Morgan Chase Bank's motion for reconsideration is denied.

SO ORDERED.

Dated: White Plains, New York
       July 30, 2008

                                                                                                                    */s/ William C. Conner*
                                                                                   Sr. United States District Judge